NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MOREY L. MARCUS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 04-4862 |
| | ) | |
| v. | ) | **O P I N I O N** |
| | ) | |
| ROY L. HENDRICKS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**LINARES**, **District Judge.**

This matter comes before the Court on Petitioner Morey L. Marcus' ("Marcus" or "Petitioner") Application for an Extension of Time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5). The appeal stems from the May 24, 2006 decision of this Court denying Petitioner's application for a writ of habeas corpus. This application is resolved without oral argument. Fed. R. Civ. P. 78. For the reasons stated herein, Petitioner's application for an extension of time is DENIED.

### BACKGROUND

On or about October 4, 2004, the Court received a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Such petition was filed on October 26, 2004. On March 21, 2005, the Attorney General for the State of New Jersey responded to the petition. By Order dated May 24, 2006 and entered May 26, 2006 (hereinafter "May 26 Order"), this Court denied the application for a writ of habeas corpus and ordered that no certificate of appealability shall issue.

This Order was subsequently appealed by Plaintiff. (CM/ECF Docket Entry #14). The appeal was apparently filed late.

On July 21, 2006, Petitioner sent a Notice of Motion to the Clerk of the District Court for an order granting the filing of an out of time Notice of Appeal. (CM/ECF Docket Entry #14). To this motion Petitioner attached a Certification listing the reasons for the delay in filing his notice of appeal. Petitioner states that he received the May 26 Order on May 30, 2006, and immediately began requesting assistance from the ILA ("Inmate Legal Assistance"), but did not receive a response to his request until June 28, 2006. In connection with this statement, Petitioner attaches, as Exhibit 1, a memorandum from Thomas F. Dechan, Supervisor of Education at the New Jersey State Prison Education Department, addressed to Petitioner, stating that "[i]n order to go to the ILA, you must resubmit a G-27 Request form. Due to the recent period of reduced activity, there is a backlog of requests which we will be attempting to fulfill." Nowhere on this memorandum does it indicate when Petitioner had originally filed the G-27 Request form. In addition, Petitioner states that the New Jersey State Prison was on "lock down" from: June 12th through June 19th; June 21st through June 31st "because of flooding and a stabbing within the prison"; and from July 1st through July 9th because the budget had not been signed. As a result, Petitioner states that he was first granted a pass to see the inmate paralegal on July 10th, who, at that time, instructed Petitioner to fill out the necessary forms. It appears that Petitioner signed and dated said forms on July 18, and filed same with the Court on July 21, 2006.

On July 25, 2006, the Court received a letter in opposition to Petitioner's request to file a notice of appeal out of time, wherein Respondents argue that Petitioner has failed to demonstrate "excusable neglect" for his delay in complying with the rules, and thus has not met the strict

standard required for granting him such relief.

## DISCUSSION

Federal Rule of Appellate Procedure 4(a)(5) provides, in relevant part:

> [T]he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5). Federal Rule of Appellate Procedure 4(a)(1)(A) requires that a notice of appeal "must be filed with the district clerk within 30 days of entry of the judgment or order appealed from is entered." See also Browder v. Dir., Illinois Dept. of Corr., 434 U.S. 257, 264 (1978) (per curiam). Furthermore, Federal Appellate Rule of Procedure 26(a)(2) indicates that, under these circumstances, in computing the filing date, Saturdays, Sundays, and legal holidays are not excluded from the computation. See Jones & Laughlin Steel Corp. v. Gridiron Steel Co., 382 U.S. 32 (1965).  Compliance with the rule regarding the time limit for filing an appeal is "'mandatory and jurisdictional.'"  Id. (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)); Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982) (per curiam). However, when the petitioner is pro se and is a prisoner, the notice of appeal is considered filed at the time petitioner delivers it to prison authorities for forwarding to the district court clerk. Houston v. Lack, 487 U.S. 266, 276 (1988).

In light of this framework, the Court turns to the present situation.  Here, this Court's final decision was entered on May 26, 2006.  Under Rule 4(a)(1)(A) and Rule 26(a)(2),

Petitioner's time to appeal expired on June 26, 2006.[1] He did not meet that deadline since Petitioner's notice of appeal was not filed with the District Clerk until July 21, 2006. The present application for an extension was timely filed within the thirty (30) days prescribed by Fed. R. App. Proc. 4(a)(5)(A)(i). The Court must therefore make the remaining determination of whether Petitioner has demonstrated excusable neglect or good cause under Fed. R. App. Proc. 4(a)(5)(A)(ii).

The leading Third Circuit case regarding the filing of a late notice of appeal pursuant to Rule 4(a)(5) is Consol. Freightways Corp. v. Larson, 827 F.2d 916 (3d Cir. 1987), cert. denied sub nom. Consol. Freightways Corp. v. Sec'y of Transp. of Pa., 484 U.S. 1032 (1988). There, the Third Circuit formulated a two-part test for excusable neglect determinations. Under Larson, the movant must meet the threshold requirement of demonstrating a "substantial good faith effort to comply" with appellate procedure. Id. at 921. If such a showing is made, the Court must proceed to an evaluation of the facts according to the following five criteria:

> (1) whether the inadvertence reflects professional incompetence such as ignorance of the rules of procedure; (2) whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court; (3) whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence; (4) whether the inadvertence reflects a complete lack of diligence; or (5) whether the court is satisfied that the inadvertence resulted despite counsel's substantial good faith efforts toward compliance.

Id. at 919.

Starting with threshold requirement set forth in Larson, the Court finds that Petitioner has not demonstrated a "substantial good faith effort to comply" with appellate procedure. Even assuming, arguendo, that Petitioner did submit a request to obtain legal advice immediately upon

---

[1] See Fed. R. App. Proc. 26(a)(3) (indicating that the last day of the period should be excluded where it falls on a Sunday).

receiving the Court's May 26 Order, to no avail, Petitioner certifies that on July 10, 2006, he was able to meet with a prison paralegal who gave him the requisite paperwork and instructions. Notably, however, Petitioner has provided absolutely no reason for waiting until July 18, 2006, eight days after he received the necessary paperwork and instructions from the prison paralegal, to sign and presumably submit said notice of appeal and application to the Court.  Furthermore, even assuming that the prison "lock down" did, in fact, prevent Petitioner from conducting any legal research until July 10th, as he alleges, Petitioner still has provided no reason for the subsequent eight-day delay in submitting the requisite application to file an out of time appeal. Although Petitioner's neglect in failing to file the present application prior to July 10, 2006 may have been excusable, the Court is incapable of finding Petitioner's neglect in waiting an additional eight days to file said application excusable, particularly where he has provided no explanation for the added delay.  See Pedereaux v. Doe, 767 F.2d 50, 51 (3d Cir. 1985) (holding that "'excusable neglect' must be shown up to the actual time the motion to extend is filed.").

## CONCLUSION

For the foregoing reasons, this Court hereby denies Petitioner's Motion to File an Out of Time Notice of Appeal (CM/ECF Docket Entry #15) pursuant to Fed. R. App. P. 4(a)(5).

An appropriate Order accompanies this Opinion.


DATED: November 13, 2006

/s/ Jose L. Linares
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE


cc:     Marcia M. Waldron, Clerk of U.S. Court of Appeals